IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 4:17cr92 (RCY) |
| | ) | |
| SHEREA DARNELL, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 144) ("Motion for Compassionate Release").

Following a five-day jury trial in May 2018, Defendant Sherea Darnell ("Darnell") was convicted of 21 counts of wire fraud, in violation of 18 U.S.C. § 1343; 22 counts of bank fraud, in violation of 18 U.S.C. § 1344; and 3 counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1). (Jury Verdict, ECF No. 84.) Darnell was sentenced to sixty-six months of imprisonment and ordered to pay $710,209.93 in restitution. (J. in a Criminal Case, ECF No. 117.) Darnell's Motion for Judgment of Acquittal, or in the Alternative, for a New Trial was denied. (ECF No. 107.) Darnell's appeal to the United States Court of Appeals for the Fourth Circuit was also denied. (ECF Nos. 130, 131.) Darnell self-surrendered on December 27, 2018, after her request for an extension was denied by the Honorable Senior United States District Judge Henry C. Morgan. (ECF No. 121.)

According to the Bureau of Prisons ("BOP"), Darnell was transferred by the BOP on July 28, 2021, from prison directly into home confinement. She was not required to spend any time in a half-way house. She is under the supervision of the BOP-designated residential reentry managers

("RRMs") for the region in which her home is located.  Darnell's home-confinement placement required application of the BOP's expanded authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).[1]  Pursuant to 18 U.S.C. § 3624(c), she would not otherwise be eligible for home confinement until March 2, 2023.  BOP anticipates that Darnell will complete her sentence on September 2, 2023, at which point she will begin her three-year term of supervised release.  *See* https://www.bop.gov/inmateloc/ (and enter Darnell's name or BOP number).

Darnell's case was reassigned to the undersigned on November 5, 2020.  The Motion for Compassionate Release, Response, Reply, and all exhibits have been reviewed and considered.  For the reasons set forth herein, the Motion for Compassionate Release will be denied.

The Motion for Compassionate Release sought Darnell's release from the facility in which she was imprisoned, FMC Lexington, because of Darnell's medical conditions, described in the Motion for Compassionate Release, which Darnell argued placed her "at serious risk for severe and deadly complications if she contracts COVID-19."  (Mot. for Compassionate Release, ECF No. 144 at 14.)  Given that Darnell has been released from FMC Lexington and is being permitted to serve the remainder of her sentence in home confinement, under the supervision of the RRMs, it seems that the relief Darnell sought has been effectuated by the BOP's having transferred her

---

[1] Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months."  The CARES Act permits the BOP to expand these time frames.  The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement).  Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b).  *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

from the prison into home confinement, arguably rendering the Motion for Compassionate Release moot. Nevertheless, the Court has considered the Motion.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. 18 U.S.C. § 3582(c)(1)(A).

To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). With regard to "applicable policy statements issued by the Sentencing Commission," the United States Court of Appeals for the Fourth Circuit recently clarified that "there currently exists no 'applicable policy statement[].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Therefore, the guidance under § 1B1.13 of the United States Sentencing Commission Guidelines Manual does not apply to a motion for a reduction filed

3

by a defendant. *Id.* at 282 ("A sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement.' By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions.") (citations omitted). Thus, the Fourth Circuit explains in the *McCoy* opinion that "district courts need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after the Court finds (1) that the defendant establishes extraordinary and compelling reasons for the reduction, and (2) that a reduction in the defendant's sentence would not undermine the relevant factors under § 3553(a).

According to Darnell, she has exhausted her administrative remedies (*see* Mot. for Compassionate Release at 5 & Exh. B), and the Court assumes for purposes of addressing the pending motion in this case that Darnell exhausted her administrative remedies. However, despite the fact that Darnell suffers from several serious medical conditions, as described in the Motion for Compassionate Release, there is no indication that these conditions were not being properly addressed and treated within the BOP, and the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Darnell's sentence. This is especially true in light of Darnell's transfer into home confinement, which has mooted her concern about her particular vulnerability to contracting COVID-19 within the prison facility in which she was held. According to Darnell, she tested positive for COVID-19 on December 29, 2020, and as of March 9, 2021, Darnell had not been vaccinated. (Reply, ECF No. 154 at 4.) According to BOP, Darnell initially refused to be vaccinated on February 19, 2021, but as of June 29, 2021, she had been fully vaccinated.

Moreover, the Court finds that a reduction in Darnell's sentence would undermine the relevant § 3553(a) factors. While Darnell has some serious medical conditions that require continued treatment, those conditions were being properly treated while Darnell was incarcerated and are not so severe as to provide an extraordinary and compelling reason for a reduction in her sentence. Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors. The Court finds that a reduction in Darnell's sentence would undermine the need for the sentence to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offenses and the history and characteristics of the Defendant. Accordingly, the Motion for Compassionate Release will be denied.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: <u>September 8, 2021</u>